**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon D Macon, | No. CV-25-04540-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Minnesota, et al., | |
| Defendants. | |

Upon the Court's sua sponte review of Plaintiff Brandon Macon's complaint, the Court dismisses the State of Minnesota and the Minnesota Department of Human Services for lack of subject matter jurisdiction and transfers this action to the District of Minnesota.

**I.  SUBJECT MATTER JURISDICTION**

The Court must dismiss two of the three defendants Plaintiff named in his complaint for lack of subject matter jurisdiction.

The Court is obligated to satisfy itself that it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015 (9th Cir. 2007); *see also United States v. Nye County*, 178 F.3d 1080, 1089 n.12 (9th Cir. 1999) (stating that "sovereign immunity is a question of subject matter jurisdiction").

Here, Plaintiff named as defendants the State of Minnesota, the Minnesota Department of Human Services, and the Hennepin County Child Support Office. (Doc. 1 at

1.) The first two defendants are a State and one of its agencies, which are generally[1] entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution and may not be sued in federal court without a waiver of sovereign immunity, including for civil rights claims under 42 U.S.C. § 1983. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." (citation omitted)); *Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("Applying . . . principles of sovereign immunity to cases under § 1983 . . . , courts have held that states enjoy sovereign immunity from suits brought under [the] statute[]."); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (holding that "arms of the State" are not "persons" that may be sued under § 1983); *see also Gardner v. Minnesota*, No. 16-cv-03999-JNE-KMM, 2019 WL 1084714, at *4 (D. Minn. Jan. 15, 2019) (holding that Minnesota and the Department of Human Services were "entitled to sovereign immunity," as Minnesota had "not explicitly consented to suit in federal court"), *report and recommendation adopted*, 2019 WL 1086338 (D. Minn. Mar. 7, 2019).[2]

The Hennepin County Child Support Office appears to be an agency within a local or municipal government, however, so it is not entitled to sovereign immunity. *See, e.g.*, *Pittman*, 509 F.3d at 1071 ("Municipalities . . . are not entitled to sovereign immunity in federal court."). The Court therefore has subject matter jurisdiction over Plaintiff's claims against that entity. It is unclear, however, whether this is a jural entity that has the capacity to be sued. But because the Court will transfer Plaintiff's claims against this defendant to

---

[1] The "Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law," *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004), but Plaintiff does not request injunctive relief against Minnesota or the Department of Human Services (*see generally* Doc. 1).

[2] Construing the complaint liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), Plaintiff's claims of constitutional violations under the Fourteenth Amendment must necessarily fall under § 1983, *see Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 2002) (stating that a "litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983").

the District of Minnesota, as explained below, the Court need not address this issue.

## II.     VENUE

Although the Court was required to consider subject matter jurisdiction before assessing venue, *see Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) ("[J]urisdiction must be first found over the subject matter and the person before one reaches venue."), upon review of the complaint, the Court also determines that venue is not proper in this District, and the remaining claims over which the Court does have subject matter jurisdiction must be transferred to the District of Minnesota.

The Court may raise the issue of venue when the defendants have not yet filed a responsive pleading and the time for doing so has not yet run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The remaining defendant is an office within Hennepin County, which is in Minnesota. *See BlueLinx Corp. v. Constr., Bldg. Material, Ice & Coal Helpers & Inside Emps. Union Loc. No. 120*, Civil No. 18-2322 (DWF/KMM), 2019 WL 1923114, at *1 n.1 (D. Minn. Apr. 30, 2019). As for Plaintiff's claims, he alleges that this agency "failed to identify or protect him, despite clear signs he was a vulnerable minor" when he was a homeless teenager in Minnesota. (Doc. 1 at 2.) He also alleges that the defendant "maintains false or inaccurate records and refuses to correct them"; these records were presumably created and maintained in Hennepin County, Minnesota. (*Id.* at 3.) Although Plaintiff also alleges he "suffered a serious stroke that left him medically incapacitated" at an unstated time, a fair inference from these allegations are that this occurred in Minnesota,

as he alleges that during this time, the defendant "relied on," among other things, "outdated records" and "imposed obligations without verification, without investigation, and without due process." (*Id.*) It is implausible that a county office in Minnesota would take affirmative actions over a person who no longer resides in the state and has not resided there for almost two decades. (*Compare id.* at 2, *with* Doc. 3 at 5.) Even if that were true, however, it is implausible that the municipal defendant would have taken any of its actions in Arizona, as opposed to Minnesota. Because it is Plaintiff's burden to establish venue is proper in this District, these conclusory and implausible allegations are insufficient to establish that the defendant's actions took place outside of Minnesota. *See Nissan Motor Co. v. Nissan Comput. Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) ("[M]ost courts hold that the plaintiff bears the burden of establishing proper venue.").

Indeed, Plaintiff alleges that venue is proper in this District only because he resides here and "continues to suffer ongoing injury and consequences from [the defendant's] actions in this District," implying that the alleged actions took place in Minnesota but the consequences have been felt in Arizona. (Doc. 1 at 2.) That Plaintiff feels the effects of the actions in Arizona is not enough to make venue proper in this District, however. *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (noting that the "venue inquiry focuses on the defendant's activities, not the plaintiff's" and that there "is a tendency to conclude that suffering . . . harm within a district is not by itself sufficient to warrant transactional venue there," as "[o]therwise, venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute" (citations and quotation marks omitted)); *Mach 1 Air Servs. Inc. v. Bustillos*, No. CV-12-02617-PHX-GMS, 2013 WL 1222567, at *10 (D. Ariz. Mar. 25, 2013) ("Merely being the situs of plaintiff's injury is insufficient—otherwise venue would always be proper in a plaintiff's district because the impact of the injury will almost always be there."). Accordingly, venue is improper in this District. *See Costlow*, 790 F.2d at 1488 (affirming an improper venue determination where, although plaintiffs argued their claim arose in Washington, "virtually all of the activity providing the basis of the complaint took

place in Alaska").

When venue has been laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer the case is within the Court's discretion. *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976) (per curiam).

For the reasons explained above, the events giving rise to Plaintiff's claims occurred in Minnesota and the sole remaining defendant is a Hennepin County office. (*See generally* Doc. 1.) Thus, this action could have been brought in the United States District Court for the District of Minnesota, Fourth Division. *See* 28 U.S.C. § 103(4). The Court finds a transfer to that District is in the interest of justice.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's claims against Minnesota and the Minnesota Department of Human Services without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate Minnesota and the Minnesota Department of Human Services as defendants.

**IT IS FINALLY ORDERED** that the Clerk of Court must transfer this action to the United States District Court for the District of Minnesota, Fourth Division pursuant to 28 U.S.C. § 1406(a). The Clerk of Court must close this case.

Dated this 10th day of February, 2026.

Michael T. Liburdi
United States District Judge